UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamar Antron Kennedy,                          File No. 25-cv-2008 (ECT/DLM)

      Petitioner,

v.                                                          **ORDER ACCEPTING REPORT**
**AND RECOMMENDATION**

Warden, FPC Duluth,

      Respondent.

Petitioner Jamar Antron Kennedy commenced this action pro se by filing a petition for a writ of habeas corpus. ECF No. 1. Kennedy is serving a 144-month term of imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 2 and 841(a)(1). ECF No. 10 ¶ 3. Kennedy challenges the Bureau of Prisons' calculation of First Step Act Time Credits ("FTCs"). ECF No. 1.

In a Report and Recommendation, Magistrate Judge Douglas L. Micko understood the entire period in dispute to be 180 days, "meaning the most FTCs Mr. Kennedy could have earned during this period would be 90 days." ECF No. 15 at 6 n.3. Judge Micko recommended dismissing Kennedy's petition because there is no evidence that he participated in First Step Act-qualified programming during the challenged time periods—namely, when Kennedy was housed: (1) in a non-BOP facility (from his October 12, 2022 sentencing through November 17, 2022); (2) in FCI Victorville, a BOP facility, as a holdover inmate (from November 17, 2022, until he arrived at FCI Herlong on January 11,

2023), or (3) in holdover facilities (from August 15, 2024, until November 12, 2024) while being transferred to his current designated facility, FPC Duluth. *Id.* at 6–8; ECF No. 10 ¶¶ 5, 16; *see* 18 U.S.C. § 3632(d)(4)(A) (providing that FTC credits are granted when a prisoner "successfully *completes* evidence-based recidivism reduction programming or productive activities" (emphasis added)); *Solberg v. Eischen*, No. 23-cv-3568 (ECT/DTS), 2024 WL 3251713, at *2 (D. Minn. May 7, 2024), *R. & R. adopted*, 2024 WL 3086630 (D. Minn. June 21, 2024); *Martinez v. Eischen*, No. 24-cv-637 (KMM/DJF), 2024 WL 1598772 (D. Minn. Apr. 12, 2024).

Kennedy filed objections to the Report and Recommendation. ECF No. 16. Respondent filed a response addressing Kennedy's objections and confirming Respondent's view that the Report and Recommendation should be adopted, and the Petition denied in its entirety. ECF No. 19. Because Kennedy has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Judge Micko's analysis and conclusions are correct, except that the Petition will be dismissed without prejudice.

Therefore, based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.    Petitioner Jamar Antron Kennedy's Objections [ECF No. 16] to Magistrate Judge Micko's February 4, 2026 Report and Recommendation [ECF No. 15] are **OVERRULED**.

2.      The Report and Recommendation [ECF No. 15] is **ACCEPTED** as follows:

    a.      Petitioner Jamal Antron Kennedy's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**; and

    b.      The action is **DISMISSED without prejudice**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 4, 2026                       s/ Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court